IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-00800-RPM

ROBERT FRASER,

    Plaintiff,

v.

AVAYA INC., a Delaware corporation, and
THE AVAYA INC. SICKNESS AND ACCIDENT DISABILITY PLAN,

    Defendants.

---

SECOND ORDER ON THIRD CLAIM–ERISA

---

On March 15, 2011, this Court decided that Robert Fraser was not given adequate written notice of the denial of his claim for short-term disability benefits under The Avaya Inc. Sickness and Accident Disability Plan and that he was not given a full and fair review of that decision in violation of the requirements of 29 U.S.C. § 1133 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.* Because of those procedural errors, the denial decision was reversed and the claim was remanded for a full and fair review. The employment history is described in that previous order.

After remand, the claim was again reviewed by the four members of the BCAC, all employees of Avaya, Inc., and by a unanimous vote again denied benefits. They relied on the opinion of Yanira Maria Olaya, M.D., a forensic psychiatrist who reviewed the progress notes of treatment provider, Dr. Bishop, nurse practitioner Peter Prutch and Dr. Richard Rewey. Dr. Olaya found the treatment given by Bishop and Prutch

insufficient to support their diagnoses under the DSM-IV.  Her written report included this paragraph:

> In addition, Mr. Fraser disclosed significant relationship problem in the report provided by Dr. Rewey, who was the independent medical evaluator and who assessed his short-term disability period in 2008. According to the DSM-IV, "When these problems referring to relational problems are the principle focus of clinical attention, this should be listed on Axis I", This was not provided by any of the inclination [sic] that evaluated this individual and it however, was clearly established by more than one physician that the patient's source or triggers or his symptoms were associated with personal issues with a supervisor from work in his department.  In order to manage this ideally the patient would receive a combination of psychotropic medications, but primarily counseling so that he would benefit from this and apply to other potential situation, which could arise in a different department under a different job.
>
> Fraser II 000194

The minutes of the BCAC meeting on November 21, 2011, include these paragraphs:

> Next Dr. Olaya reviewed the medical documentation included in the appeal package.  Dr. Olaya explained the two medical diagnoses at issue in connection with the appeal Major Depression and Anxiety Disorder and explained the DSM-IV criteria for diagnosis.  For Major Depression, Dr. Olaya explained the symptoms and how a determination of that diagnosis is made.  She noted that a diagnosis of Major Depression is [sic] requires the presence of five out of the nine criteria set forth in the DSM-IV.  Dr. Olaya noted four major symptoms, depressed mood, lack of concentration, lack of interest, lack of energy, were contained in the medical documentation from Dr. Bishop but not enough to support the diagnosis under the current medical guidelines for establishing Major Depression as a disability.  She also explained that Mr. Fraser's diagnosis of Anxiety Disorder was not tied to the other diagnosis and noted that the medical records were vague and that there was not a lot of supportive information from Dr. Bishop for that diagnosis and there was no specific criteria provided for the diagnosis from Dr. Bishop for anxiety disorder not otherwise specified other than stating Mr. Fraser had "anxiety".

> Voting members asked if the drugs used were appropriate and indicative of the diagnoses.  Dr. Olaya expressed that the drugs used were used for those diagnoses.  Members questioned the dosage and Dr. Olaya noted the Lexapro was a moderate dosage and the other two were low dosages but prudent with the Anxiety Disorder diagnosis.  They also questioned if counseling would have been appropriate since Mr. Fraser had been in counseling previously with his disability and if counseling was an appropriate treatment for anxiety disorder.  Dr. Olaya stated that group counseling is often used in Anxiety Disorders as a treatment to relieve stress around other people such as in the job environment.  There was also additional discussion among the voting members around the major symptoms of the medical conditions by Mr. Fraser and potential overlapping symptoms associated with Mr. Fraser's diagnoses.
>
> The job accommodation request to the rapid response team position and the level of stress associated with both positions were discussed, with members noting that the two positions at issue had the same job description.  There was also discussion regarding the information provided by Dr. Bishop that indicated that Mr. Fraser had interpersonal conflict with his supervisor.
>
> Fraser 11 000172, 11 000173

Notably, Dr. Olaya did not comment on the fact that Dr. Rewey had conducted an Independent Medical Review at the request of the Plan Administrator and found Fraser disabled in a report dated May 16, 2008.  She does not mention that Fraser had received short-term disability benefits until December 10, 2008, for the same diagnoses she evaluated.  The BCAC minutes do not show that the members knew of that history.

It is significant that despite Fraser's request that he be transferred to a different position with a different supervisor, as suggested by both Dr. Bishop and Dr. Rewey, Avaya placed him in the same assignment with the same supervisor when he returned to work in December, 2008.  The resulting aggravation of the plaintiff's symptoms was forecast by these physicians.

The BCAC's reliance on the job descriptions to conclude that there was no difference in the two positions is not a reasonable basis for a finding that there was no difference in the level of stress, particularly given that Fraser had to report to the same supervisor.

The plaintiff has requested supplementation to the administrative record but that is not necessary to make the finding that the denial of benefits was an arbitrary and capricious decision.  It is apparent that remand for further review would be futile.  It is

ORDERED and adjudged that Robert Fraser is entitled to the payment of short-term disability benefits for the period from May 29, 2009, through and including July 5, 2009.

Dated:   August 22nd, 2012

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge