IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-00800-RPM

ROBERT FRASER,

      Plaintiff,

v.

AVAYA INC., a Delaware corporation, and
THE AVAYA INC. SICKNESS AND ACCIDENT DISABILITY PLAN,

      Defendants.

---

## ORDER DENYING MOTIONS FOR PARTIAL SUMMARY JUDGMENT

---

In his complaint against Avaya Inc. and The Avaya Inc. Sickness and Accident Disability Plan, plaintiff Robert Fraser alleged three claims for relief:  (1) violation of the Americans with Disabilities Act's prohibition against medical inquiries, 42 U.S.C. § 12112(d)(4)(A); (2) wrongful termination of employment in violation of public policy expressed in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. 104–191, 110 Stat. 1936, and (3) wrongful denial of short-term disability benefits, in violation of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

By orders dated March 15, 2011 and August 22, 2012, the court found in favor of the plaintiff on his ERISA claim (the third claim for relief) and concluded that he is entitled to short-term disability payments for the period from May 29, 2009 through July 5, 2009.

Defendant Avaya Inc. ("Avaya") moves for dismissal of the plaintiff's first and second claims pursuant to Fed.R.Civ.P. 56.  The plaintiff filed a cross-motion for partial summary

judgment, seeking entry of judgment in his favor on questions of liability with respect to both claims.

The plaintiff's ADA claim and claim of wrongful termination both relate to the dispute that arose over the medical authorization form that the plaintiff refused to sign in connection with his application for short-term disability benefits.  Facts pertinent to that dispute have been described in the court's order dated May 29, 2009.

The ADA provides:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).  It is undisputed that Avaya is a covered entity as defined in the ADA.

The ADA's prohibition against discrimination includes "medical examinations and inquiries."  42 U.S.C. § 12112(d)(4)(A) provides:

> A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

The plaintiff contends that Avaya violated this provision of the ADA by insisting that he sign Avaya's medical authorization form and by refusing to accept his proposed alterations, which he made for the purpose of precluding Avaya's access to his medical records.  (Compl. ¶¶ 59-60). The plaintiff further contends that Avaya violated this ADA provision when it terminated his employment on July 13, 2009, shortly after SHPS (the third party claims administrator) denied his claim for short-term disability benefits for failure to provide proper documentation.

Avaya made the challenged inquiry.  SHPS provided the Avaya medical authorization form for the plaintiff to sign and followed Avaya's directions regarding it.

Avaya argues that it did not make an *impermissible* medical inquiry.  Avaya asserts that because it was the Plan Administrator with the ultimate decision-making authority for all aspects of the Plan, it is protected from ADA liability by 42 U.S.C. § 12201(c), which provides in pertinent part:

> Subchapters I through III of this chapter [42 U.S.C. §§  12111 – 12189] ... shall not be construed to prohibit or restrict –
>
> * * *
>
> (3) a person or organization covered by this chapter from establishing, sponsoring, observing or administering the terms of a bona fide benefit plan that is not subject to State laws that regulate insurance.
>
> Paragraph[] ... (3) shall not be used as a subterfuge to evade the purposes of subchapter I and III

Even assuming that 42 U.S.C. § 12201(c) permitted Avaya, in its role as Plan Administrator, to request the plaintiff's medical information, that is not the end of the inquiry because Avaya was also the plaintiff's employer.  The language of the disputed medical authorization form would have authorized disclosure to any affiliate or representative of Avaya or persons performing business or legal services on its behalf.  Avaya cannot avoid liability under the ADA simply by claiming to have acted only as the Plan Administrator.

Avaya argues that the plaintiff's claim under § 12112(d)(4)(A) fails as a matter of law because the disputed inquiry was job-related and consistent with business necessity.

That issue cannot be determined on cross-motions pursuant to Rule 56.  In this case, determination of the applicability of the "business necessity" exception requires evaluation of

whether the scope of the release in Avaya's pre-printed form was broader than necessary.  The

Second Circuit has explained:

> An employer cannot simply demonstrate that an inquiry is convenient or beneficial
> to its business. Instead, the employer must first show that the asserted "business
> necessity" is vital to the business. For example, business necessities may include
> ensuring that the workplace is safe and secure or cutting down on egregious
> absenteeism. The employer must also show that the examination or inquiry genuinely
> serves the asserted business necessity *and that the request is no broader or more
> intrusive than necessary*. The employer need not show that the examination or
> inquiry is the only way of achieving a business necessity, but the examination or
> inquiry must be a reasonably effective method of achieving the employer's goal.

*Conroy v. New York State Dep't of Corr. Servs.*, 333 F.3d 88, 97-98 (2003) (emphasis added).

It may be assumed that an employee's application for disability benefits provides a

legitimate business reason for an employer to obtain information about the medical diagnosis

supporting the application.  Even so, that circumstance does not justify requiring the applicant to

sign a medical authorization form that would authorize disclosure of confidential medical

information to more persons than those necessarily involved in the evaluation of the application.

The disputed form contained language stating:  "I understand that the Medical

Information will be used only to evaluate whether or not my medical condition satisfies the

requirements of federal, state or local FMLA and disability laws, state Workers' Compensation

and/or Avaya's welfare benefit plans."  Reasonable jurors may conclude that the scope of

disclosure stated in Avaya's preprinted form was unnecessarily broad and that the plaintiff had a

reasonable concern about whether his right to medical privacy would be protected.  The medical

authorization form that counsel negotiated in November 2009 limited the scope of disclosure by

expressly describing the categories of persons authorized to obtain the plaintiff's medical

information.

There are disputed issues of fact about whether the plaintiff's failure to sign the disputed form was the reason that Avaya terminated the plaintiff's employment.  Whether Avaya violated 42 U.S.C. § 12112(d)(4)(A) is a matter to be determined at trial.

In his third claim for relief, the plaintiff alleges that Avaya terminated his employment in violation of public policy.  To establish that claim, a discharged employee must show:

> (1) the employer directed the employee to perform an illegal act as part of the employee's work-related duties or prohibited the employee from performing a public duty or exercising an important job-related right or privilege; (2) the action directed by the employer would violate a specific statute related to public health, safety, or welfare, or would undermine a clearly expressed policy relating to the employee's basic responsibility as a citizen or the employee's right or privilege as a worker; (3) the employee was terminated as the result of refusing to perform the act directed by the employer; and (4) the employer was aware that the employee's refusal to perform the act was based on the employee's reasonable belief that the directed act was unlawful.

*Bonidy v. Vail Valley Ctr. for Aesthetic Dentistry*, *P.C.,* 232 P.3d 277, 281 (Colo. Ct. App. 2010) (citing *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 109 (Colo.1992)).

The plaintiff contends that Avaya's termination of his employment contravened his right to medical privacy, as expressed in the HIPAA.  The plaintiff points out that the HIPAA regulations include the following rule  – known as the "minimum necessary" standard –  which provides:

> When using or disclosing protected health information or when requesting protected health information from another covered entity or business associate, a covered entity or business associate must make reasonable efforts to limit protected health information to the minimum necessary to accomplish the intended purpose of the use, disclosure, or request.

45 C.F.R. § 164.502(b)(1).

The plaintiff acknowledges that Avaya is not a covered entity as defined in the HIPAA. That fact is not fatal to his claim.  Health care providers are subject to the HIPAA's privacy rule,

and individuals are permitted to request restrictions on uses and disclosures of their protected health information. *See* 45 C.F.R. § 164.522. The question is whether Avaya's conduct undermined the plaintiff's right to restrict the scope of his disclosure of protected medical information.

Due to the nature of the plaintiff's claim for disability benefits, the medical records in question were particularly sensitive. There is a clear public policy favoring the confidentiality of medical information, and that policy provides a sufficient predicate for a claim of wrongful discharge under Colorado law.

Factual disputes about causation must be determined at trial. The plaintiff's evidence supports an inference that Avaya terminated his employment in retaliation for his refusal to sign a medical authorization form that would give access to his supervisors who may use that information for purposes unrelated to evaluation of his claim for disability benefits.

The plaintiff's state law claim of wrongful discharge is not preempted by ERISA. The claim seeks to vindicate the right to medical privacy guaranteed by the HIPAA and not any obligation created under ERISA. Determination of this claim does not require resolution of any dispute over the interpretation of Plan provisions. There are no allegations that Avaya breached its fiduciary duties as the Plan Administrator. The plaintiff does not allege that Avaya terminated his employment to avoid paying disability benefits. The requested relief does not duplicate, supplement or supplant the ERISA civil enforcement remedy.

Based on the foregoing, it is

ORDERED that defendant Avaya Inc.'s motion for partial summary judgment (#102) is denied; and it is

FURTHER ORDERED that the plaintiff's motion for partial summary judgment (#103) is denied; and it is

FURTHER ORDERED that the defendants' motion for extension of the deadlines for discovery and dispositive motions (#95) is moot; it is

FURTHER ORDERED that the defendants' motion to compel (#100) is moot except as stated in Avaya's supplement to its motion (#123).  The defendants' supplement (#123), filed on August 15, 2013, is considered a motion to compel and will be addressed after the plaintiff has responded to it.

Dated:  September 4, 2013

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge